IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES SINGLETON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 12 C 3745 |
| | ) |
| JOSEPH YURKOVICH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This is a matter before the court on Respondent's motion to dismiss Petitioner James Singleton's (Singleton) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the court grants the motion to dismiss.

## BACKGROUND

On January 16, 2008, Singleton pled guilty to first-degree murder and was sentenced to twenty-six years of imprisonment, which was to be served consecutively to a separate conviction in another case. Singleton did not file a direct

1

appeal and did not move to withdraw his guilty plea. On July 23, 2008, Singleton filed a post-conviction petition. On September 26, 2008, the state trial court dismissed the post-conviction petition. On January 5, 2009, Singleton moved for leave to file a late notice of appeal (NOA), claiming that he did not receive timely notice of the dismissal entered on September 26, 2008. On January 16, 2009, the trial court denied this motion, and on February 18, 2009, the Illinois Appellate Court affirmed the trial court denial of Singleton's motion to file a late NOA. Singleton filed a petition for rehearing that was denied by the Illinois Appellate Court on March 19, 2009. Singleton then filed a petition for leave to appeal (PLA) to the Illinois Supreme Court, and on May 28, 2009, the Illinois Supreme Court denied the PLA.

On October 23, 2009, Singleton filed a complaint in the state court seeking habeas relief, and on February 11, 2010, the trial court denied the request for habeas relief. Singleton appealed this decision and also filed for a writ of habeas corpus with this court on April 29, 2010. On May 5, 2010, this court dismissed the habeas petition without prejudice because Singleton's appeal of the denial of his state habeas complaint remained pending. On June 21, 2010, this court denied Singleton's request for certificate of appealability (CA). On October 14, 2010, the Seventh Circuit also denied the CA, terminating the appeal. On February 7, 2011, the Illinois

Appellate Court affirmed the state trial court's denial of habeas relief. Singleton filed another PLA, which was denied by the Illinois Supreme Court on May 25, 2011.

While his state habeas appeal was still pending, on November 5, 2012, Singleton moved the state trial court for leave to file a successive post-conviction petition. The trial court denied this motion on December 15, 2010, and the Illinois Appellate Court later affirmed this decision on November 16, 2011. Singleton then filed a PLA, which was denied by the Illinois Supreme Court on March 28, 2012. On May 15, 2012, Singleton filed the instant Petition. Respondent now moves to dismiss the Petition as untimely.

## LEGAL STANDARD

The statute of limitations for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d), which states the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized

by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## DISCUSSION

Since Singleton is proceeding *pro se*, the court has liberally construed Singleton's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition is entitle to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). The court notes that on November 13, 2012, Singleton filed a document entitled "Motion - Rule 29. Permissible Joinder of Parties," (DE 16), and a document entitled "Motion - Rule 12 of Civil Procedure Objection - Petitioners' Response to Respondents' Motion to Dismiss Habeas Petition as Time-Barred." (DE 17). The court will liberally construe both filings as responses to the instant motion to dismiss.

I.  Timeliness of Petition

Respondent argues that the Petition is not timely and should be dismissed.

### A. One-Year Limitations Period and General Tolling

Since Singleton did not file a direct appeal, Singleton's conviction became final thirty days after January 16, 2008, the date he pled guilty to first-degree murder. Ill. S. Ct. Rule 604(d); 28 U.S.C. § 2244(d)(1)(stating that "[t]he limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Therefore, the statute of limitations began to run on February 15, 2008, and absent tolling, the one-year statute of limitations period would have expired on February 15, 2009. Singleton did not file the instant Petition until May 15, 2012.

Certain time periods within the limitations period were properly tolled. Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Singleton filed his post-conviction petition on July 23, 2008, which tolled the limitations period. At that point, the limitations period had already run for approximately 158 days after February 15, 2008, when the conviction became final. On September 26, 2008, the trial court dismissed Singleton's post-conviction petition. Singleton had 30 days to file an appeal, but never filed an appeal. Thus, Singleton's limitation period began to

run again on October 27, 2008, and his deadline to file a federal habeas petition expired approximately 207 days later, on May 25, 2009. While the subsequent filing of the state habeas petition on October 23, 2009 could have tolled the limitations period, at that point the entire limitations period had already lapsed. Thus, the instant Petition filed on May 15, 2012 is untimely.

### B. Request for Late Notice of Appeal

Beginning on January 5, 2009, Singleton made several requests for leave to file a late NOA for his post-conviction petition. Such requests were denied, and Singleton has not pointed to any portion of the record to indicate that his late NOA should be deemed "properly filed" under 28 U.S.C. § 2244(d)(2). *See Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000)(stating that "whether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits it has been 'properly filed' but that if the state court rejects it as procedurally irregular it has not been 'properly filed'"). Thus, Singleton's requests for leave to file a late NOA did not toll the limitations period.

The court notes that, even if the requests for leave to file a late NOA tolled the limitations period, the Petition would still be untimely. Under such a scenario, as noted above, 158 untolled days ran from February 15, 2008 to July 23, 2008, when

the post-conviction petition was filed. Singleton's statute of limitations would have continued to be tolled on January 5, 2009, when Singleton first moved for leave to file a late NOA. After the denial of the post-conviction PLA on May 28, 2009, an additional 146 untolled days elapsed before the filing of his state habeas complaint on October 23, 2009, bringing the total number of elapsed days to 304. Subsequently, the state trial court denied Singleton's request for habeas relief, the Illinois Appellate Court affirmed the trial court, and on May 25, 2011, the Illinois Supreme Court denied the PLA, which would end the tolling of Singleton's statute of limitations. Thus, under this scenario, the limitations period would have expired approximately 60 days after May 25, 2011. Singleton did not file the instant Petition until almost a year later, on May 15, 2012. Thus, even if the requests for leave to file the late NOA were deemed to toll the limitations period, the instant Petition is untimely.

### C. Successive Post-Conviction Petition

On November 5, 2010, Singleton sought leave from the state court to file a successive post-conviction petition. A petitioner may not file a successive post-conviction petition unless the state court grants him leave to do so pursuant to 725 ILCS 5/122-1(f), and if a request to file a successive petition is denied, the request

for leave to file the successive petition does not toll the limitations. *Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009). Singleton's request to file a successive post-conviction petition was denied by the state trial court, the trial court was affirmed, and the Illinois Supreme Court ultimately denied the PLA. Thus, the filing of the successive post-conviction petition did not toll the limitations period.

### D. Consecutive Term Sentences

Singleton argues that the limitations period should not have began to run until April 7, 2008. Singleton contends that he did not learn that he had been sentenced to a term of imprisonment that was to run consecutive to his sentence in another case until April 7, 2008, when he received a "time calculation sheet." (Ans. Dis. 5). Singleton fails to present sufficient evidence or explanation to justify his claim that he did not understand the nature of his sentence until four months after his January 16, 2008 sentencing. Nor has Singleton shown that, through reasonable diligence, he could not have discovered the nature of his sentence earlier. In addition, even if the statute of limitations were deemed to run starting on April 7, 2008, the instant Petition is untimely. Under such a scenario, 106 untolled days would have run from April 7, 2008 to July 23, 2008, when Singleton filed a post-conviction petition. After the conclusion of the post-conviction petition proceedings, a further 146 untolled

days elapsed before Singleton filed his state habeas petition on October 23, 2009. At that point, 252 untolled days had elapsed. The state habeas proceedings concluded on May 25, 2011, and the limitations period would have expired on September 15, 2011. The instant Petition was filed in May 2012. Thus, even if the statute of limitations began to run on April 7, 2008, the instant Petition is untimely.

### E. Equitable Tolling Doctrines

Singleton argues that the statute of limitations should have been tolled based on the equitable tolling doctrines. The statute of limitations for a habeas petition can be tolled by the equitable tolling doctrines in extraordinary circumstances. *See Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002)(stating that equitable tolling should be "granted sparingly [and] only when extraordinary circumstances far beyond the litigant's control . . . prevented timely filing"); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451-52 (7th Cir. 1990)(explaining equitable tolling doctrines). Singleton claims he was not notified of the trial court's dismissal of his first post-conviction petition on September 26, 2008 until January 7, 2009. (DE 17, 6). However, Singleton has not presented sufficient evidence regarding the alleged delay in receiving notice of the trial court's dismissal order. Nor has Singleton shown that he acted diligently in seeking the status of his case. In addition, as

9

explained above, even if Singleton did not receive notice of the trial court's ruling until January 7, 2009, tolling the limitations period for the entire time between the filing of the post-conviction petition and the denial of the PLA on May 28, 2009 would still not render the instant Petition timely. Based on the above, Singleton has not shown that the statute of limitations should have been tolled under the equitable tolling doctrines, and even if it was, his petition is still untimely.

### F. Prior Federal Habeas Petition

As indicated above, Singleton had filed a prior federal habeas petition on April 29, 2010, and on May 5, 2010, this court dismissed the habeas petition without prejudice. However, the filing of the prior federal habeas petition did not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001)(stating that "a properly filed federal habeas petition does not toll the limitation period" under 28 U.S.C. § 2244(d)(2)); *Tucker v. Kingston*, 538 F.3d 732, 733 (7th Cir. 2008) (explaining that the petitioner's "first federal petition did not stop the clock"). Therefore, based on the above, the instant Petition is untimely and Respondent's motion to dismiss is granted.

II. Certificate of Appealability

Finally, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Singleton has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Singleton shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Singleton decide to appeal this court's ruling, this court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing analysis, Respondent's motion to dismiss is granted, and the court finds that a certificate of appealability is not warranted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 11, 2012